United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| L.B., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:26-CV-00045 |
| | § | |
| CALHOUN COUNTY INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, whose initials are L.B., has sued the public school district in which he used to be a student. He claims that the district violated his rights under the Americans With Disabilities Act and the Rehabilitation Act when several of its employees questioned him about an allegation that he and two other students had shared intimate pictures of another student. The school district seeks dismissal of the lawsuit under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 16.) For the reasons discussed below, the district court should GRANT the dismissal motion because Plaintiff fails to plausibly allege intentional discrimination, but should grant Plaintiff leave to amend his complaint.[1]

***A. Jurisdiction.***

This Court possesses federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331.

[1] This motion has been referred to the undersigned magistrate judge for a recommendation as to disposition. *See* Doc. No. 17; 28 U.S.C. § 636.

***B. Proceedings.***

Plaintiff L.B., a minor, through next friends Chelsea and Daniel B.[2] and represented by counsel, brought this suit against the Calhoun County Independent School District (the "District"). (Doc. No. 1.) Plaintiff alleged disability discrimination under Title II of the Americans With Disabilities Act of 1990 (42 U.S.C. § 12132, the "ADA") and the Rehabilitation Act of 1973 (29 U.S.C. § 794, the "RA"). *Id.* at 5 ¶¶ 18, 24.

The District moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11.) Plaintiff responded by timely filing an amended complaint, which mooted the dismissal motion. (Doc. Nos. 13, 14.) The District has now moved to dismiss the amended complaint. (Doc. No. 16.) Plaintiff has responded (Doc. No. 19), the District has replied. (Doc. No. 20.)

***C. Plaintiff's factual allegations.***

In his amended complaint, Plaintiff alleges that he was a student at Calhoun High School, a school operated by the District. (Doc. No. 13, p. 3 ¶ 7.) Plaintiff states that the District recognizes him as eligible for disability accommodation based on generalized anxiety disorder. *Id.* ¶ 8. The District, he claims, created a "Section 504 Plan" that provides a number of accommodations, including: "extra time on assignments and assessments; alternate assignments in lieu of class presentations or reading aloud in class; access to a counselor pass when in need of classroom removal; small group administration of assessments; administration of assignments in partial text-to-speech format; and access to supplemental aids, including mnemonic devices, blank maps, and timelines." *Id.*

---

[2] The record contains scant information regarding Plaintiff's next friends. They appear to be his parents. *See* Doc. No. 13, p. 4 ¶ 10. There is no argument that the next friends cannot appropriately serve in that role, and the undersigned does not discuss the matter further here.

Plaintiff alleges that on October 2, 2025, he and two other students were removed from football practice and "brought them to a public space – the common area of a football coach's office – for questioning." (Doc. No. 13, p. 3 ¶ 10.) He claims that the school's principal, assistant principal, school resource officer, and athletic director "interrogated" him for approximately 90 minutes, "despite their notice of and awareness of his severe anxieties." *Id.* at 3-4 ¶ 10. The "interrogation," Plaintiff alleges, could be heard by students outside the office and persisted beyond the school's 3:50 p.m. dismissal time. *Id.* at 4 ¶ 10. Plaintiff contends that no District staff member contacted his mother until 4:30 p.m. *Id.* This, Plaintiff alleges,

> was completely at odds with the essence of the disability accommodations to which [the District] recognizes [Plaintiff] is entitled and concerning which the applicable staff members had notice and actual awareness, including, but not limited to, not interrogating him for such a substantial period of time, not interrogating him without notice to his parents, and not interrogating him in a non-private setting.

*Id.*

Plaintiff alleges that the District's investigation resulted in Plaintiff's receiving a "15/30 day placement in a Disciplinary Alternative Education Program." (Doc. No. 13, p. 4 ¶ 11.) He contends that the District made its disciplinary determination without consideration of his disability, "the role his disability might have played in the circumstances under review and his responses during the interrogation, and the potential consequences of rash disciplinary measures taken without consideration of his disability." *Id.*

Plaintiff claims that he has suffered and continues to suffer what he terms "severe trauma" because of the District's allegedly wrongful actions. The symptoms of his generalized anxiety disorder, he says, have been exacerbated "to the point that he is no longer able to attend public school" and instead is homeschooled through an online program. (Doc. No. 13, p. 4 ¶ 12.)

Plaintiff alleges that he has therefore "been excluded from the benefits of a public education as he can no longer attend public school." *Id.* Additionally, Plaintiff claims, he "has suffered pervasive harassment in community settings due directly to the fact that [the District] conducted its interrogation in such a public setting and took no measures to preserve the confidentiality of its investigation." *Id.*

***D. Plaintiff's legal claims and requested relief.***

Plaintiff lodges two causes of action. First, he alleges that the District engaged in intentional discrimination under the ADA by "failing to provide him with reasonable accommodations to which he is entitled." (Doc. No. 13, p. 5 ¶ 17.) Second, he claims that the District violated the RA, to the point of intentional discrimination, by failing to provide him with reasonable accommodations to which he was entitled. *Id.* at 6 ¶ 23.

As relief, Plaintiff seeks damages. He asks the Court to order the District to pay "compensatory damages, including, but not limited to reimbursement for past and prospective expenses." (Doc. No. 13, p. 6.) He also asks, as a measure of damages, that the District "pay for prospective private school for Plaintiff L.B." *Id.*

***E. The motion to dismiss, response, and reply.***

The District seeks dismissal of both claims. In its Rule 12(b)(6) motion, the District argues that Plaintiff has failed to plausibly allege that his disability was a motivating factor in the decision of the District to investigate and discipline him. (Doc. No. 16, pp. 4-7.) He does not allege that he was excluded from any District program on the basis of his disability, the District says. *Id.* at 5 ¶ 10. The District argues that Plaintiff's allegations reflect that he was treated the same as the other two students who were questioned, and that Plaintiff fails to allege that his disability caused him to be investigated or disciplined. *Id.* at 5-6 ¶¶ 10-11.

Further, the District contends that Plaintiff fails to plausibly allege that he requested and was denied an accommodation during the investigation interview or the disciplinary process. (Doc. No. 16, p. 7 ¶ 14.) He does not allege, the District argues, that any District employee involved in the investigation or discipline was "privy to Plaintiff's limitations caused by his generalized anxiety" or accommodations. *Id.* ¶ 15. The District asserts that Plaintiff does not allege the denial of any of the accommodations identified in his Section 504 Plan and that none of the identified accommodations relates to circumstances like those he alleges during the questioning. *Id.* at 8 ¶¶ 16, 18.

Finally, the District argues that Plaintiff fails to allege that a reasonable accommodation would not have fundamentally altered the District's program of investigating allegations like those in this case. *Id.* at 9 ¶¶ 19-20. What Plaintiff really seeks is not an accommodation, the District asserts, but instead a "second chance to not be held accountable for committing a violation of the Texas Education Code …." *Id.* at 10 ¶ 21.

Plaintiff opposes dismissal, arguing that his claim is one for failure to accommodate, and thus that he is not required to show motivation to discriminate based on disability. (Doc. No. 19, pp. 7-8.) Relying on the Supreme Court's decision in *A.J.T. v. Osseo Area Schools, Independent School District No. 279*, 605 U.S. 335, 344-45 (2025), he contends that his allegations sufficiently show that the District, through its employees' actions, "demonstrated disregard for a strong likelihood of violation of Plaintiff's federally protected rights and thus deliberate indifference." *Id.* at 9. Plaintiff argues that he likewise is not required to "point to a comparator class of non-disabled students who were treated more favorably than he was." *Id.* at 10. And he contends that he was not required to allege that he requested and was denied a reasonable accommodation. *Id.* at 12. Finally, Plaintiff argues that he was not required to include

allegations regarding fundamental alteration of the District's program, contending that fundamental alteration is an affirmative defense and therefore need not be pleaded in his complaint. *Id.* at 15-16.

Replying, the District re-urges its argument that Plaintiff fails to allege that he was excluded from any District program on the basis of his disability. (Doc. No. 20, p. 2.) The District further argues that Plaintiff's failure-to-accommodate claim requires at least actual knowledge that an accommodation is necessary, and that in the absence of such actual knowledge a plaintiff's disability, the resulting limitation, and the necessary accommodation must all be open, obvious, and apparent. None of those factors were present here, the District says. *Id.* at 3-5. And the District argues that dismissal under Rule 12(b)(6) can be appropriate if the affirmative defense appears on the face of the complaint. *Id.* at 5. Plaintiff's allegations, the District insists, "would fundamentally alter activity of a student safety investigation and disciplinary placement …." *Id.* at 6.

***F. Federal Rule of Civil Procedure 12(b)(6).***

When considering a motion for dismissal under Federal Rule of Civil Procedure 12(b)(6), a reviewing court must determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must plead those facts specifically enough to raise a right to relief that exceeds mere speculation. *See id.* at 555. The facial plausibility standard is met when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This does not require the plaintiff to demonstrate probability, but the plaintiff must allege something more than a sheer possibility that a defendant has acted unlawfully. *See id.*

Reviewing courts are to accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Legal conclusions are not entitled to acceptance as truth, however, nor are threadbare recitals of elements of a cause of action supported by mere conclusory statements. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Conclusory allegations and unwarranted deductions of fact likewise are not accepted as true: the plaintiff must plead "'specific facts, not mere conclusory allegations' to state a claim for relief that is facially plausible." *See Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). Legal conclusions masquerading as factual conclusions likewise will not suffice to prevent the granting of a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

***G. Analysis.***

"[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. This statement in the ADA provides a "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Section 504 of the RA generally tracks the same language, and so jurisprudence interpreting either is applicable to both. *See Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 574 (5th Cir. 2002); *see also Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (ADA and RA are "judged under the same legal standards, and the same remedies are available under both Acts").

Plaintiff's claims are for failure to accommodate under the ADA and RA. *See* Doc. No. 13, p. 5 ¶ 17; *id.* at 6 ¶ 23. He was therefore required to plausibly allege that: (1) he was a qualified individual with a disability within the meaning of the ADA; (2) he was excluded from participation in or denied benefits of services, programs, or activities for which the public entity is responsible, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *See Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671, 72 (5th Cir. 2004) (citing *Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421, 428 (5th Cir. 1997)).

Here, Plaintiff seeks only damages as a remedy. *See* Doc. No. 13, p. 6. To avoid dismissal at the Rule 12(b)(6) stage, he must therefore also plausibly allege that the District engaged in intentional discrimination. *See Delano-Pyle*, 302 F.3d at 574. Claims of intentional discrimination are evaluated under the same method of analysis, regardless of whether they arise in the educational context. *See A.J.T.*, 605 U.S. at 351. A plaintiff may also establish intentional discrimination by showing "circumstances revealing a discriminatory motive." *See Wilson v. City of Southlake*, No. 21-10771, 2022 WL 17604575, at *6 (5th Cir. Dec. 13, 2022) (unpublished) (cleaned up).

In the context of a failure-to-accommodate claim like that brought by Plaintiff here, intentional discrimination "requires at least actual knowledge that an accommodation is necessary." *Smith v. Harris Cnty.*, 956 F.3d 311, 319 (5th Cir. 2020) (citing *Cadena v. El Paso Cnty.*, 946 F.3d 717, 724 (5th Cir. 2020)). The requisite notice "comes from the plaintiff's request for an accommodation or from facts establishing that "'the disability, resulting limitation, and necessary reasonable accommodation were open, obvious, and apparent to the entity's relevant agents.'" *J.W. v. Paley*, 81 F.4th 440, 450 (5th Cir. 2023) (quoting *Windham v. Harris*

*Cnty.*, 875 F.3d 229, 237 (5th Cir. 2017) (cleaned up)). Knowledge of a disability is different from knowledge of the resulting limitation, and "'certainly is different from knowledge of the necessary accommodation.'" *Id.* (quoting *Windham*, 875 F.3d at 238). And when a disability is mental, rather than physical, the resulting limitations and necessary reasonable accommodations often are not "'open, obvious, and apparent.'" *Id.* (quoting *Taylor v. Principal Fin. Grp.*, 93 F.3d 155, 165 (5th Cir. 1996)).

In some circuits, intentional discrimination is shown by proving "deliberate indifference" – in one circuit, this requires a showing that the defendant "disregarded a 'strong likelihood' that the challenged action would 'result in a violation of federally protected rights.'" *A.J.T.*, 605 U.S. at 344-45 (quoting *Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011)). But the United States Court of Appeals for the Fifth Circuit, while it has not provided a specific statement of what constitutes "intentional discrimination," has held that something more than just deliberate indifference is required. *See Paley*, 81 F.4th at 449-50; *Cadena*, 946 F.3d at 724; *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 575 (5th Cir. 2018).

Plaintiff argues that after *A.J.T.* he is required to show nothing more than deliberate indifference. (Doc. No. 19, p. 9.) At least two courts in our circuit have taken this stance. *See Mendoza v. Amarillo Indep. Sch. Dist.*, No. 2:24-CV-169, 2026 WL 1834784, at *5 (N.D. Tex. June 25, 2026) (quoting *W.H. by and through Larry G. v. Fort Bend Indep. Sch. Dist.*, No. 4:24-CV-01515, 2025 WL 2147067, at *20 (S.D. Tex. July 29, 2025) (Ellison, J.)). But *A.J.T.* merely acknowledges that in the majority of circuits a showing of deliberate indifference satisfies the requirement for proof of intentional discrimination. 605 U.S. at 344. The Eighth Circuit, the circuit in which *A.J.T.* arose, was among those to have adopted the deliberate indifference standard. *See id.* (citing *Meagley*, 639 F.3d at 389). The Supreme Court ultimately determined,

consistent with the Eighth Circuit's standard, that A.J.T.'s educational-context claim required nothing more than proof of deliberate indifference as defined in that circuit. *Id.* at 351. *A.J.T.*, though, does not purport to adopt a nationwide standard of proof for claims of intentional discrimination. *See also id.* at 352 (Thomas, J. concurring) ("But, to obtain compensatory damages, courts generally agree that a plaintiff must prove that the defendant was *at least* 'deliberately indifferent' to federally protected rights.") (emphasis added). Thus, the Fifth Circuit's requirement of something beyond deliberate indifference, most recently restated in *Paley*, continues to be the law in this circuit. *Cf. Clark v. Whitehouse Indep. Sch. Dist.*, No. 6:25-cv-161, 2026 WL 1096573, at *10 (E.D. Tex. Jan. 16, 2026), *adopted*, 2026 WL 788865 (E.D. Tex. Mar. 20, 2026) (applying *Paley* standard even after *A.J.T.*).

Plaintiff's allegation of intentional discrimination falls short of viability. First, he argues only that the District's actions amounted to deliberate indifference:

> Here, Plaintiff alleges that [the District] knowingly and intentionally interrogated Plaintiff at length and without regard to confidentiality issues or to his need for reasonable accommodation, despite its awareness of his severe anxieties and of the need to provide reasonable accommodation for those severe anxieties. [The District] thus demonstrated disregard for a strong likelihood of violation of Plaintiff's federally protected rights *and thus deliberate indifference* ….

Doc. No. 19, p. 9 (emphasis added). Because Plaintiff is seeking only damages as a remedy, he must plausibly allege something more than deliberate indifference. He alleges only deliberate indifference here, so his claim is subject to dismissal. *Cf. Clark*, 2026 WL 1096573, at *11 (citing *Paley*, 81 F.4th at 449-50) (dismissal of intentional discrimination claim because it alleged nothing more than deliberate indifference).

Additionally, Plaintiff fails to make any nonconclusory allegation that any of the four District employees who questioned Plaintiff that day were actually aware that any

accommodation was necessary. *See Smith*, 956 F.3d at 319; *Cadena*, 946 F.3d at 724. While Plaintiff alleges that the questioning was "completely at odds with the essence of the disability accommodations" that the District had agreed to provide (Doc. No. 13, p. 1), he does not allege that he was also entitled to further accommodation in the context of questioning in an investigation of possible misconduct. He describes his documented accommodations as addressing classroom-focused instruction and testing, but makes no plausible claim that his accommodations also addressed any interaction with any District staff member that fell outside of the instructional context or that he requested such an accommodation but was denied. Plaintiff argues that the questioning was at odds with the "essence" of his documented accommodations, but the tie between the instruction-focused accommodations and the alleged questioning at issue here is simply too tenuous to plausibly show actual awareness of a necessary accommodation.

Plaintiff also does not allege in any nonconclusory manner that any District employee had actual knowledge that Plaintiff (allegedly) needed some sort of accommodation for that questioning, let alone what that accommodation should have been. He does not allege that his documented accommodations addressed what was required to be done in the event of a disciplinary investigation, and apart from his conclusory claim that the four District employees "had actual awareness of [Plaintiff's] disabilities and his need for a reasonable accommodation to address his anxieties" he does nothing more than theorize regarding possible accommodations those employees allegedly should have provided. (Doc. No. 13, p. 2 ¶ 1; *id.* at 4 ¶ 10.) This falls short of a plausible allegation of actual knowledge of the needed accommodation.

Plaintiff also does not allege, plausibly or otherwise, the existence of any discriminatory motive on the part of the District or any of its employees. *See Paley*, 81 F.4th at 449-50. He

likewise does not claim that he requested an accommodation during the questioning or disciplinary process but was refused. He further does not allege that his disability was open, obvious, and apparent to the point that any reasonable District employee would have known that an accommodation was needed and what that accommodation would have entailed. *See Paley*, 81 F.4th at 450; *Windham*, 875 F.3d at 237. Plaintiff therefore cannot survive dismissal on these grounds, either.

Because Plaintiff's failure-to-accommodate claim fails to plausibly allege intentional discrimination, he cannot obtain the relief he seeks. His claim is subject to dismissal.[3]

### ***H. Leave to amend?***

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). A district court "needs 'a substantial reason' to deny a party's request for leave to amend." *N. Cypress Med. Ctr. Operating Co, Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (quoting *Jones v. Robinson Prop. Grp. L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). Leave to amend may be denied, however, for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party …, and futility of the amendment.'" *Id.* (quoting *Jones*, 427 F.3d at 994).

---

[3] Because Plaintiff's claim is subject to dismissal, it is unnecessary to resolve the District's additional argument that the complaint was deficient for failing to plausibly allege that an accommodation would not have fundamentally changed the District's "program" of conducting investigations into misconduct. *See* Doc. No. 16, pp. 9-10. An affirmative defense such as this – *see Greer v. Richardson Indep. Sch. Dist.*, 472 F. App'x 287, 292 (5th Cir. 2012) – can serve as the basis for Rule 12(b)(6) dismissal only if the defense appears on the face of the pleadings. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013). The District's argument for dismissal is unpersuasive, however: the complaint could be argued as seeking an accommodation that might fundamentally alter the nature of the District's program, but the possibility that an affirmative defense might be successful is not the measure. The correct measure is whether the defense clearly appears on the face of the pleading. Here, it does not.

Here, Plaintiff's allegation of intentional discrimination is deficient. The district court should, however, permit Plaintiff one more opportunity to allege facts (if any exist) that could satisfy the pleading requirements for his claim of intentional discrimination.

***I. Conclusion and recommendations.***

The district court should GRANT the District's Rule 12(b)(6) dismissal motion (Doc. No. 16). The district court should afford Plaintiff one more opportunity to amend his complaint.

***J. Notice.***

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas. A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on October 20, 2026.

MITCHEL NEUROCK
United States Magistrate Judge